[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13722
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-01885-RLV-AJB; 1:05-cr-00254-RLV-AJB-3


IVAN DEJESUS CHAPA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 25, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal by Ivan DeJesus Chapa presents the issue whether the Supreme

Court in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010), announced a

new rule, which does not apply retroactively on collateral review.  The district court answered that question in the affirmative and denied Chapa's motion to vacate his conviction.  See 28 U.S.C. § 2255.  Chapa argued that counsel was ineffective, under Padilla, for misadvising him that his plea of guilty would not subject him to deportation.  Chapa contends that Padilla applies retroactively to invalidate his guilty plea.  But the Supreme Court held recently in Chaidez v. United States, 568 U.S.____, 133 S. Ct. 1103, 1105 (2013), that Padilla announced a new rule, which "under the principles set out in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 . . . (1989), . . . does not have retroactive effect."  Because Chapa cannot benefit from the new rule in Padilla, we affirm.

Chapa pleaded guilty to conspiring to possess with intent to distribute at least five kilograms of cocaine in exchange for the dismissal of two other drug charges.  At his sentencing hearing, Chapa acknowledged that he had reviewed his presentence investigation report, which provided that he was a citizen of Mexico and faced the possibility of removal or deportation as a result of his conviction.  Chapa objected to an enhancement to his sentence, but the district court overruled Chapa's objection.  The district court sentenced Chapa to 148 months of imprisonment and advised him that, after completing his sentence of imprisonment, he would be transported to an "immigration official for appropriate

removal proceedings from the United States." Chapa did not move to withdraw his plea of guilty. See Fed. R. Crim. P. 11(d).

Chapa appealed his sentence. On the motion of the government, we dismissed Chapa's appeal based on the waiver in his plea agreement of a right to appeal or collaterally attack his sentence. United States v. Chapa, No. 08-16176 (11th Cir. Dec. 8, 2009).

Chapa filed a motion to reduce his sentence, which he later amended to add a claim for relief under Padilla. Chapa alleged that he would not have pleaded guilty, but for counsel's assurances that Chapa would remain in the United States following his conviction. The district court construed Chapa's filing as a motion to vacate his conviction, see 28 U.S.C. § 2255, and Chapa did not oppose the reclassification of his motion, see Castro v. United States, 540 U.S. 375, 377, 124 S. Ct. 786, 789 (2003). The United States responded that Chapa's postconviction motion was also barred by the waiver in his plea agreement and, alternatively, that in Padilla the Supreme Court announced a new rule, which does not apply on collateral review.

A magistrate judge recommended that the district court deny Chapa's motion to vacate. The magistrate judge reasoned that "Padilla announced a new rule because not only was its conclusion not dictated by precedent existing at the time [Chapa's] conviction became final, its conclusion had been rejected by

3

existing precedent in the Eleventh Circuit and by virtually every other court to address the issue." And the magistrate judge agreed with the United States that "Padilla resolved the 'more complex and novel question of whether the Sixth Amendment applies at all' to ineffective assistance claims" and that the "resolution of that antecedent question conflict[ed] with the lower courts' resolution of it and . . . further indicate[d] that Padilla announced a new rule." The magistrate judge concluded that Chapa could not benefit from the holding in Padilla because it did not fall within either of the two exceptions to the general prohibition against retroactive application of a new rule. See Teague, 489 U.S. at 311–12, 109 S. Ct. at 1075–76. The magistrate judge also concluded that Chapa's argument about the ineffectiveness of counsel failed under the law in effect at the time of Chapa's guilty plea. See Downs-Morgan v. United States, 765 F.2d 1534, 1540–41 (11th Cir. 1985).

The district court adopted the recommendation of the magistrate judge and denied Chapa's motion to vacate. The district court recognized that a "split of authority . . . [had] developed in the state and federal courts in the year since Padilla [had been] decided" and issued a certificate of appealability to resolve "whether Padilla . . . announced a new rule of criminal procedure that is retroactively applicable to cases on collateral review."

The decision of the Supreme Court in <u>Chaidez v. United States</u> resolves the question presented for our review.  In <u>Chaidez</u>, the Court concluded that <u>Padilla</u> announced a new rule that does not apply retroactively to cases on collateral review.  133 S. Ct. at 1108, 1113.  That decision forecloses Chapa's argument.

The district court correctly denied Chapa's motion to vacate his sentence.  Chapa's arguments for postconviction relief are foreclosed by <u>Chaidez</u>.  "Under <u>Teague</u>, [Chapa's] . . . conviction[] became final prior to <u>Padilla</u>[,] . . .[and he] therefore cannot benefit from its holding."  <u>Id.</u> at 1113.

We **AFFIRM** the denial of Chapa's motion to vacate his sentence.